UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-10823-RWZ

ROBERT J. FORREST,
*Administrator of the Estate of Robert B. Cutler and Guardian*

v.

KAREN E. WIER, ESQ., *etc.*

ORDER
April 25, 2011

ZOBEL, D.J.

Plaintiff has moved under Fed. R. Civ. P. 37(a) for relief against defendant and her counsel for obstructing plaintiff's deposition of defendant. (Docket # 55.)

A ruling on the motion necessarily has to take account of the contours of this case.

**The Facts**

Plaintiff Robert J. Forrest was appointed by the Plymouth Probate Court as guardian of Robert B. Cutler, who had been seriously injured while on active duty during the Korean War and was 100% disabled. Cutler was entitled to receive veteran's benefits as well as social security benefits and he had a portfolio of assets. Plaintiff, as fiduciary, received the benefits payable to Cutler by the Veterans Administration ("VA") until December 2006 when the VA suspended the payments and terminated plaintiff's service as fiduciary, apparently because it deemed the fees plaintiff charged Cutler to be excessive. Some time thereafter the VA appointed

defendant Karen E. Wier as the statutory custodian to receive and disburse Cutler's monthly benefits. Cutler died in March 2009, and plaintiff was appointed administrator of his estate by the Middlesex Probate Court.

**The Pleadings and Court Orders**

On April 4, 2009, plaintiff, as administrator of Cutler's estate filed this action against Wier, the United States Veterans Administration and three of its employees (the "federal defendants"). The federal defendants removed the action to this court in May 2009. Plaintiff filed an amended complaint in which he renamed the federal agency involved and recast the complaint. That complaint, which is in three counts, has been pared down to one, against defendant Weir. The court earlier allowed the federal defendants' motion to dismiss. The claim against Weir, Count 1, is for breach of fiduciary duty and negligence in failing to pay benefits to Cutler in a timely manner, failing to use the funds for Cutler's benefit, failing to render a timely accounting and failing to invest the funds at a reasonable rate of return. The complaint also alleges that, in derogation of her fiduciary obligation and to the detriment of Cutler, Weir opposed the appointment of plaintiff as temporary and permanent administrator of Cutler's estate. Plaintiff seeks an accounting and damages.

The claim for an accounting appears to be moot. In response to the court's order of June 21, 2010, defendant Wier filed an accounting on July 6, 2010, and it appears that even before submitting the accounting, she had disbursed $57,745.12, all funds remaining in her custody to Cutler's estate.

**The Interpretation of the Complaint**

2

As noted, the claim against Wier is for breach of fiduciary duty and negligence in her role as statutory custodian. Although the amended complaint states that the allegations amount to a violation of the Massachusetts Rules of Professional conduct, the violation cited relates to conduct that is prejudicial to the administration of justice, not to a breach of the attorney-client relationship. Thus, while the complaint alleges an ethical violation which may result in the imposition of damages, it does not sound in legal malpractice.

I further note that plaintiff is suing in his representative capacity. Therefore, he is entitled to recover only such damages as were incurred by Cutler and his estate. These appear to be severely limited given the relatively short period of time during which Wier served as custodian and held any of the funds, and given that she has now rendered an accounting and disbursed the funds she held. The only other source of damages is the alleged ethical violation.

**The Pending Motion**

Plaintiff alleges improper objections and obstructive conduct by defendant's counsel during the February 24, 2011, deposition of defendant. He seeks to reconvene and complete the deposition and asks for monetary sanctions.

The deposition transcript does support plaintiff's assertions. First, Fed. R. Civ P.30(c)(2) clearly provides that an objection to a question may be noted on the record, but that the examination then proceeds. In particular, instructions to the witness not to answer may be given "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." None of

these conditions presented during the deposition of Wier. Second, it is difficult to understand the basis for the vast majority of the objections on any ground based in the rules of evidence or procedure, though they certainly served to disrupt the proceedings. A sanction is appropriate.

I detailed various aspects of this litigation above because it is not clear that despite the difficulties of the deposition, the deposition needs to be reconvened. Plaintiff specifies 32 instances of interruptions and/or refusals to answer. Because the claim cannot fairly be read as one for legal malpractice, items 1, 2, 3, and 4 of plaintiff's motion are not relevant. On the other hand, items 7, 8, 9 may well shed light on the alleged unethical conduct. Items 20, 25, 26, 30, and 31 bear on the breach of fiduciary duty claim. Whether the current record is so lean on the relevant issues that it requires reconvening of the deposition is unclear to me, but is, in any event, for plaintiff to decide. If it is to be continued, the court anticipates that such will occur forthwith and that all participants will fully cooperate with each other.

The amount of the sanction will be decided later.

**The Conclusion**

The motion under Fed. R. Civ P. 37(a) (Docket # 55) is allowed as noted.


    April 25, 2011                                /s/Rya W. Zobel
       DATE                                        RYA W. ZOBEL
                                                 UNITED STATES DISTRICT JUDGE